UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SENSABAUGH,<br><br>             Petitioner,<br><br>    v.<br><br>CAMPBELL, Warden,<br><br>             Respondent. | No. 1:22-cv-01371-NODJ-HBK (HC)<br><br>ORDER DENYING STATE PETITON FOR RESENTENCING AND DISMISSAL<br><br>(Doc. No. 16) |

Petitioner, a state prisoner, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254 that asserts one ground for relief based on the lack of an ASL interpreter in connection with the proceedings related to his underlying plea-based conviction and sentence for forcible rape. (Doc. No. 1, "Petition"). Before the Court is Petitioner's one-page form "Petition/Application for Resentencing and Dismissal (Pen. Code, § 1170.22)" dated November 7, 2023. (Doc. No. 16). The form, a California state criminal preprinted form—CR-404—permits litigants to check certain boxes and request either a resentencing or dismissal if convicted of a certain state conviction, seek a hearing in connection with the request, and waive an appearance at such hearing. (*See generally Id*.). Respondent has not filed a response to the petition and the deadline for doing so has passed. (*See* docket).

The form petition references California Penal Code § 1170.22, and Petitioner lists himself as "Defendant," both of which suggest that Petitioner may have intended to file the petition for

resentencing in California state court. (*See* Doc. No. 16). Section § 1170.22 permits "[a] person who is serving a sentence as a result of a violation of Section 647f as it read on December 31, 2017, whether by trial or by open or negotiated plea [to] petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case." Former section 647f, which was enacted in 1988 (Stats. 1988, ch. 1597, § 1) prohibited offenses related to the solicitation of prostitution and was repealed as of January 1, 2018. (Stats. 2017, ch. 537, § 8.).

The Supreme Court has instructed federal courts to liberally construe the "inartful pleading[s]" of pro se litigants. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). It is unclear whether Petition has a conviction for section 647f in addition to his conviction for forcible rape. Nonetheless, even liberally construed, the instant petition for resentencing or dismissal relates in no way to the claim raised before this Court in his federal Petition. Moreover, this Court lacks jurisdiction to grant him the requested relief under the state statute.

Accordingly, it is **ORDERED**:

Petitioner's Petition for Resentencing and Dismissal (Doc. No. 16) is DENIED.

Dated:    December 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE